**FRANK SIMS & STOLPER LLP**
Jason M. Frank (SBN 190957)
jfrank@lawfss.com
Scott H. Sims (SBN 234148)
ssims@lawfss.com
Andrew D. Stolper (SBN 205462)
astolper@lawfss.com
19800 MacArthur Blvd., Suite 855
Irvine, California 92612
Telephone:   (949) 201-2400
Facsimile:    (949) 201-2405

Attorneys for Plaintiff
  SERENA CALDEIRA

## UNITED STATE DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERENA CALDEIRA, an individual,<br><br>              Plaintiff,<br><br>vs.<br><br>EMERGY INC. doing business as MEATI FOODS, and DOES 1 through 100, inclusive,<br><br>              Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>1. **VIOLATIONS OF THE CALIFORNIA CONSUMER LEGAL REMEDIES ACT (CAL. CIV. CODE § 1750 *et seq.*);**<br><br>2. **VIOLATIONS OF THE CALIFORNIA FALSE ADVERTISING LAW (CAL. BUS. & PROF. CODE § 17500 et seq.);**<br><br>3. **VIOLATIONS OF THE CALIFORNIA UNFAIR COMPETITION LAW (CAL. BUS. & PROF. CODE § 17200 et seq.); AND**<br><br>4. **FRAUD**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff individually and on behalf of all others similarly situated, alleges on knowledge as to herself but otherwise on information and belief, as follows:

## I. **INTRODUCTION**

1.      This class action arises out of the fraudulent, deceptive and misleading conduct of Defendant Emergy Inc. d/b/a "Meati Foods" ("Defendant" or "Meati").

2.      Meati sells meat-substitute food products at prominent grocery stores such as Whole Foods, Albertsons, Ralphs, Vons and Sprouts.

3.      On the front of its packages, Meati uniformly and falsely states its products are "**Made From Mushroom Root**" and/or are "**95% Mushroom Root Protein**."

 

See **Exhibit A**.

4.      These statements are a lie.

5.      Meati products are <u>not</u> made from mushrooms roots, nor are they made from any part of a mushroom.

6.      Meati products are made from <u>mold</u>.

7.      Specifically, the main ingredient in Meati products is *Neurosporo Crassa*, a red mold that commonly grows on bread.

8.      Approximately 95% of each Meati product is made from the *mycelium* (or root-like structures) of the *Neurospora Crassa* mold.

9.    Meati intentionally lies about its products being made from "Mushroom Root" because Meati's internal research showed that consumers would not purchase its products if Meati disclosed their products' main ingredient is mold, and/or customers would not pay the higher prices that Meati charges for its products if this fact was disclosed.

10.   This deception is particularly dangerous because it is well known that consuming high concentrations of mold can cause severe allergic reactions in members of the consuming public, and can potentially lead to death.

11.   In 2016, one of Meati's competitors, Quorn Foods, Inc. ("Quorn"), was sued in a nationwide class action lawsuit for misleadingly *implying* its products were made from mushrooms, when, in fact, they were made from mold.  See Birbrower v. Quorn Foods, Inc., Case No. CV-16-1346 DMG (AJWx) (C.D. Cal. Marc 30, 2016), Dkt. 9.

12.   Specifically, on the *back* of its packages, Quorn stated its products were "*made with mycoprotein ("myco" is Greek for "fungi") and are completely meatless and soy-free.*"  Quorn then added the following statement misleadingly implying its products were made from mushrooms: "*There are believed to be over 600,000 varieties of fungi in the world, many of which are among the most sought after foods like varieties of mushroom, truffles, and morels.*"

13.   As part of a nationwide class action settlement, Quorn agreed to provide full refunds to its customers for a four-year period.

14.   Quorn was further ordered to remove any statements from its packages comparing its products to mushrooms, and to prominently display on its packages in bold letters that its products are made from mold:



**Mycoprotein™**: Mycoprotein is a mold (member of the fungi family). There have been rare cases of allergic reactions to products that contain Mycoprotein.

See <u>Birbrower v. Quorn Foods, Inc.</u>, Case No. CV-16-1346 DMG (AJWx) (C.D. Cal. Sept. 11, 2017), Dkt. 83.

15. Meati's deceptive conduct is far worse than the conduct at issue in <u>Quorn</u> because Meati is falsely stating (not just implying) that its products are made from mushrooms, and it is doing so on the *front* of every package.

16. Meati should <u>not</u> be permitted to deceive the public in this manner.

17. Meati, further, should <u>not</u> be permitted to gain an unfair advantage over its competitors – and obtain a premium price point – by falsely claiming its products are made from mushrooms.

## II.     JURISDICTION AND VENUE

18. This Court has subject matter jurisdiction pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d) ("CAFA"), because: (1) at least one class member is of diverse citizenship from one of the defendants; (2) there are 100 or more Class Members; and (3) the aggregate amount in controversy exceeds $5,000,000.00.

19. This Court has personal jurisdiction over Defendants because Meati has continuous and systematic contacts with the State of California, has purposely directed activities at the State of California, and this action arises out of and relates to those activities.

20. Venue is proper in the Eastern District of California under 28 U.S.C. § 1391(b)(3) because Plaintiff purchased Meati's products in Sacramento, California. As such, a substantial part of the events or omissions giving rise to the claims alleged herein occurred in this District.

## III.     PARTIES

21. Plaintiff Serena Caldeira ("Plaintiff") is a citizen of the State of California and a resident of Sacramento, California.

22. Defendant Emergy Inc. (d/b/a Meati Foods) is a benefit corporation organized under the laws of Delaware with its headquarters and principal place of business in Boulder, Colorado.

23.     The true names and capacities of defendants DOES 1 through 100, inclusive, whether individual, plural, corporate, partnership, associate or otherwise, are not known to Plaintiff, who therefore sues said defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each of the defendants designated herein as Doe are in some manner responsible for the acts and occurrences set forth herein. Plaintiff will ask leave of court to amend this Complaint to show the true names and capacities of defendants Does 1 through 100, inclusive, as well as the manner in which each Doe defendant is responsible, when the same have been ascertained.

24.     Plaintiff is informed and believes, and upon such basis alleges, that at all times herein mentioned, each of the Defendants herein was an agent, servant, employee, co-conspirator, partner, joint venturer, wholly owned and controlled subsidiary and/or alter ego of each of the remaining Defendants, and was at all times acting within the course and scope of said agency, service, employment, conspiracy, partnership and/or Joint venture.

25.     Defendants, and each of them, aided and abetted, encouraged and rendered substantial assistance in accomplishing the wrongful conduct and their wrongful goals and other wrongdoing complained of herein. In taking any actions to aid and abet and substantially assist the commission of these wrongful acts and other wrongdoings complained of, each of the Defendants acted with an awareness of its primary wrongdoing and realized that its conduct would substantially assist the accomplishment of the wrongful conduct, wrongful goals, and wrongdoing.

## IV.   GENERAL ALLEGATIONS

26.     Plaintiff purchased Meati's steak products at Sprouts and/or Whole Foods in the Arden-Arcade area of Sacramento, California on three separate occasions during the six-month period beginning in the summer of 2023 through the winter of 2024.

27.     At the time of her purchases, Meati uniformly represented on the front of its packages that its products are "**Made From Mushroom Root**" and/or are "**95% Mushroom Root Protein**."

28.     Plaintiff purchased Meati's products because the packages indicated they were made from mushrooms.

29.     These statements were false because Meati products are <u>not</u> made from mushroom roots, nor are they made from any part of a mushroom.

30.     At all relevant times, Meati's products have been, and continue to be, made from the *mycelium* (or root-like structures) of *Neurosporo Crassa*, a red mold that commonly grows on bread.

31.     This is the main ingredient of Meati products, and constitutes 95% of most of its products.

32.     At all relevant times, Meati knew *Neurosporo Crassa* is not a mushroom, nor does it produce any mushrooms.  In other words, it is not a "mushroom root."

33.     Meati did not disclose anywhere on its packages that its products are <u>not</u> made from mushrooms, and are instead 95% mold.

34.     Meati intentionally misrepresented its products are made from "Mushroom Root" because Meati's internal research showed consumers would not purchase Meati products if it disclosed their main ingredient is mold, and/or that customers would not pay the higher prices that Meati charges for its products if they knew the main ingredient was mold.

35.     This is "material" information, because reasonable consumers would consider the fact that a food product is 95% mold to be important information when deciding whether to purchase an item that will be consumed by themselves and/or their family.

36.     Disclosing that Meati products are <u>not</u> made from mushrooms, and are instead 95% mold, would reduce the prices that Meati could obtain for their products in the marketplace.

37.    As a result, Plaintiff and the Class were harmed because they paid more for Meati products than they otherwise would have if the true information had been disclosed.

38.    At the time of their purchases, Plaintiff and the Class understood that Meati products were made from mushrooms based on the statements on Meati's packaging.

39.    Plaintiff and the Class would not have purchased Meati products if they had known that those products were not made from mushrooms, but were instead 95% mold, nor would they have paid the prices they were charged for those products.

40.    Meati had a duty to disclose its products are <u>not</u> made from mushrooms, and are instead 95% mold, because: (1) this information is material to consumers; (2) Meati had exclusive or superior knowledge of these material facts and these material facts were not reasonably known to Plaintiff and the Class at the time of their purchases; and (3) Meati's statements that its products are "Made From Mushroom Root" and "95% Mushroom Root Protein" are deceptive and misleading without the disclosure of the omitted information.

41.    Plaintiff and the Class justifiably relied on Meati's statements that its products are made from mushroom root.

42.    Plaintiff first discovered that Meati products were not made from mushrooms in April 2024.

43.    Meati products are currently sold in approximately 6,000 stores nationwide.

44.    Meati also sells its products directly to consumers.

45.    Meati's CEO projects that Meati will reach a billion dollars in sales in 2025.

## V.    CLASS ACTION ALLEGATIONS

46.    Plaintiff brings this action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the following classes:

a.    <u>California Class</u>: Plaintiff seeks to represent a class of all consumers in the State of California who purchased Meati products (the "California Class"). The Class Period for the California Class is based on the applicable statute of limitations

period for each California claim.

b.    <u>Nationwide Class</u>:  Plaintiff seeks to represent a class of all consumers in the United States who purchased Meati products (the "Nationwide Class").  The Class Period for the Nationwide Class is based on the applicable statute of limitations period for fraud in each state.

47.    The California Class and the Nationwide Class are referred to collectively as the "Class."

48.    Excluded from each Class is any person or entity in which any judge, justice or judicial officer presiding over this matter and members of their immediate families and judicial staff, have any controlling interest.  Also excluded from each Class is any partner or employee of Class Counsel.

49.    On behalf of herself and the California Class, Plaintiff is asserting claims for:

      a.    Violations of the California Consumer Legal Remedies Act, Cal. Civ. Code § 1750 *et seq.* (the "CLRA");

      b.    Violations of the California False Advertising Law, Cal. Bus. & Prof. Code § 17500 *et seq.* (the "FAL"); and

      c.    Violations of the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.* (the "UCL").

50.    On behalf of herself and the Nationwide Class, Plaintiff is asserting claims for fraud.

51.    Plaintiff reserves the right to modify the definition of each Class after further discovery, and further reserves the right to only seek class certification for injunctive relief and not to seek class certification for monetary damages.

52.    Class certification is appropriate pursuant to Rule 23(b)(2) because Defendants acted on grounds generally applicable to each Class member, so that final injunctive relief is appropriate respecting the Class as a whole.

53.    Class certification is appropriate pursuant to Rule 23(b)(3) because

questions of law or fact common to each Class member predominate over any questions affecting only individual Class members, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

54.    <u>Numerosity</u>.  The members of the California Class and the Nationwide Class are so numerous that joinder of all members in one action is impracticable.    While the exact number and identities of Class members is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery directed at Defendants, Plaintiff believes and therefore alleges that each Class has thousands of members.

55.    <u>Ascertainability</u>.    Meati maintains records of the names and contact information for customers who purchased Meati products directly from the company.  On information and belief, the grocery stores that sell Meati products also contain records identifying customers who purchased Meati products.

56.    <u>Predominance of Common Questions of Law or Fact</u>.    Common questions of fact and law exist as to all Class members that predominate over any questions affecting only individual Class members.  These common legal and factual questions include, but are not limited to, the following:

a.    Whether Meati's uniform representation on its packages that its products are "Made From Mushroom Roots" is false and misleading.

b.    Whether Meati's uniform representation on its packages that its products are "95% Mushroom Root Protein" is false and misleading.

c.    Whether Meati products are made from mushroom roots, or any part of a mushroom.

d.    Whether Meati products are made from the *mycelium* (or root-like structures) of *Neurosporo Crassa.*

e.    Whether *Neurosporo Crassa* is a mold.

f.    Whether Meati products are 95% mold.

g.    Whether Meati's uniform representation on its packages that its products are "Made From Mushroom Roots" is likely to deceive a reasonable consumer.

h.      Whether Meati's uniform representation on its packages that its products are "95% Mushroom Root Protein" is likely to deceive a reasonable consumer.

i.      Whether the fact that Meati Products are not made from any part of a mushroom, and are instead 95% mold, would be considered material information to a reasonable consumer when deciding whether to purchase Meati products.

j.      Whether Defendants had a duty to disclose that Meati products were not made from mushrooms, but were instead 95% mold, on its packages.

k.      Whether Defendants' alleged misrepresentations and non-disclosures constitute a violation of the CLRA.

l.      Whether Defendants' alleged misrepresentations and non-disclosures constitute false advertising under the FAL.

m.      Whether Defendants' alleged misrepresentations and non-disclosures constitute a "fraudulent" business practice under the UCL.

n.      Whether Defendants' alleged misrepresentations and non-disclosures constitute an "unlawful" business practice under the UCL in that it violates the CLRA and FAL.

o.      Whether Defendants' conduct caused harm to the Class.

p.      Whether the market value of Defendants' products would be less than the prices paid by the Class if Defendants had correctly and clearly disclosed that their products were made of mold and were not made from any part of a mushroom.

q.      Whether the members of the Class are entitled to damages and restitution.

r.      Whether injunctive relief is appropriate and necessary in order to cure the harm caused by Defendants continuing misleading statements and non-disclosures regarding Meati products

57.      <u>Typicality</u>.  Plaintiff's claims are typical of the Class.  Plaintiff purchased Meati products that contained the same false statements on the packages that all Class members purchased, i.e., the false statements that Meati products are "Made From

Mushroom Roots" and "95% Mushroom Root Protein."   Plaintiff would not have purchased these products had she known they were not made from mushrooms, but were instead 95% mold, nor would she have paid the prices she was charged for Meati products.  As such, Plaintiff was harmed by the same wrongful conduct and in the same manner as the Class.

58.   Adequacy.  Plaintiff will fairly and adequately represent and protect the interests of the Class as required by Federal Rule of Civil Procedure Rule 23(a)(4). Plaintiff does not have any interests which are adverse to or in conflict with the members of the Class.  Plaintiff is committed to the vigorous prosecution of this action and, to that end, retained counsel that are particularly competent and experienced in handling class actions like the present matter given that they were the class counsel who obtained the successful nationwide class action settlement in the Quorn action.

59.   Superiority.   A class action is superior to other available methods for the fair and efficient adjudication of this controversy because individual litigation of the claims of all Class Members is impracticable.   Requiring each individual class member to file an individual lawsuit would unreasonably consume the amounts that may be recovered. Even if every Class Member could afford individual litigation, the adjudication of thousands of identical claims would be unduly burdensome to the courts. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual issues.   By contrast, the conduct of this action as a class action, with respect to some or all of the issues presented herein, presents no management difficulties, conserves the resources of the parties and of the court system, and protects the rights of the Class Members.   Plaintiff anticipates no difficulty in the management of this action as a class action.   The prosecution of separate actions by individual Class Members may create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class Members not parties to such adjudications

or that would substantially impair or impede the ability of such non-party Class Members to protect their interests.

## FIRST CLAIM FOR

## VIOLATION OF THE CALIFORNIA CONSUMERS LEGAL REMEDIES ACT

### (CAL. CIVIL CODE § 1750 et seq.)

### (On Behalf of Plaintiff and the California Class)

60.     Plaintiff incorporates by reference and re-alleges each paragraph set forth above as if fully set forth herein.

61.     The California Consumer Legal Remedies Act (the "CLRA") prohibits sellers of consumer goods from, among other things, representing their goods have "characteristics" or "ingredients" they do not have.  See Cal. Civ. Code § 1770(a)(5).

62.     Defendants' Meati products are "goods" as defined by the CLRA.  See Cal. Civ. Code § 1761(a).

63.     Plaintiff and the California Class are "consumers" as defined by the CLRA.  See Cal. Civ. Code § 1761(d).

64.     The sale of Defendants' products to Plaintiff and the Class constitute consumer "transactions" covered by the CLRA.  See Cal. Civ. Code § 1761(e).

65.     On the front of all Meati packages, Defendants uniformly represented to Plaintiff and the California Class, and continue to represent, that Meati products are "**Made From Mushroom Root**" and/or are "**95% Mushroom Root Protein**."

66.     These representations are false and misleading because Meati products are not made from mushroom roots, nor are they made from any part of a mushroom.  Instead, Meati products are 95% mold.

67.     As such, Defendants falsely represented the characteristics and ingredients of Meati products.

68.     Defendants had a duty to disclose on the product packaging that Meati products are not made from mushrooms, and are instead 95% mold, because: (1) this information is material to consumers; (2) Meati had exclusive or superior knowledge of

these material facts and these material facts were not reasonably known to Plaintiff and the Class at the time of their purchases; and (3) Meati's statements on its packaging that its products are "Made From Mushroom Root" and "95% Mushroom Root Protein" are deceptive and misleading without the disclosure of the omitted information.

69.     Defendants' conduct by way of their affirmative representations and non-disclosures are and were likely to mislead a reasonable consumer.

70.     Defendants' conduct constitutes a violation of the CLRA, including but not limited to subdivisions (5), (7), (9), and (16) of California Civil Code §1770(a). See, e.g., Outboard Marine Corp. v. Sup. Ct. (1975) 52 Cal. App. 3d 30, 36.

71.     Plaintiff and the California Class suffered harm as a result of Defendants' violations of the CLRA in that they purchased Meati products that they would not have purchased had they known they were made of mold, and certainly not at the prices they paid.

72.     If Defendants had accurately disclosed that Meati products were made of mold, and were not made from any part of a mushroom, the market value of those products would be substantially less than the prices paid by Plaintiff and the California Class.   Consequently, Plaintiff and the California Class uniformly suffered "out of pocket" loss as a result of Defendants' violations of the CLRA.

73.     Defendants' violations of the CLRA present a continuing threat to Plaintiff, the California Class and members of the public because Defendants persist and continue to engage in such practices, and will not cease doing so unless enjoined or restrained by this Court.    Accordingly, Plaintiff, on behalf of herself, the California Class Members and members of the general public, seeks an order from this Court enjoining Defendants' continuing violations of the CLRA, including, but not limited to, an order:

(a)     Requiring Defendants to immediately remove from all packages of Meati products sold in California any statements suggesting that the products are made from any part of a mushroom.  This includes removing the statements that Meati products

are "**Made From Mushroom Root**" and/or are "**95% Mushroom Root Protein.**"

      (b)    Requiring Defendants to prominently disclose on the front of Meati packaging that "**This Product Contains Mold**" and is "**95% Mold**" in the same font style, size and placement as its false statements that Meati products are "Made From Mushroom Root" and/or are "95% Mushroom Root Protein." This corrective disclosure is necessary in order to cure the false advertising Defendants have been disseminating for years.

      (c)    Requiring Defendants to remove from its website, and any other promotional material, any and all statements claiming that Meati products are made from mushroom root or any other part of a mushroom.

74.    On or about June 14, 2024, in conformance with her obligations under the CLRA (California Civil Code § 1782), Plaintiff, on behalf of herself and the California Class, served a CLRA Notice of Violation Letter by certified mail, return receipt requested on Defendants (the "CLRA Demand Letter"). A copy of the CLRA Demand Letter is attached as **Exhibit B**.

75.    The letter notified Defendants of their violations of the CLRA, among other laws, and requested various corrections and remedies. See **Exhibit B**.

76.    If Defendants do not provide the requested relief, Plaintiff will seek to amend this Complaint to seek monetary damages under the CLRA on behalf of herself and the California Class in an amount to be determined at trial but not less than one thousand dollars ($1000.00) per California Class member as provided by California Civil Code § 1780(a)(1).

77.    Plaintiff, on behalf of herself and the California Class, is further seeking restitution of all sums wrongfully obtained by Defendants as result of their violations of the CLRA, including, but not limited to, the difference between what the market value of Meati products would have been had Defendants prominently disclosed that their products were 95% mold.

78.   Plaintiff, on behalf of herself and the California Class, is further seeking punitive damages in an amount sufficient to deter such violations of the CLRA in the future.   Defendants' violations of the CLRA were carried out with malice, oppression and fraud and extreme indifference to the rights of Plaintiff and the California Class. They constitute intentional misrepresentations, deceit and concealment of material facts known to Defendants with the intention on the part of Defendants of thereby depriving Plaintiff and the California Class of their property and otherwise causing injury.

## SECOND CLAIM FOR

## VIOLATION OF THE CALIFORNIA FALSE ADVERTISING LAW

### (CAL. BUS. & PROF. CODE §17500 ET SEQ.)

### (On Behalf of Plaintiff and the California Class)

79.   Plaintiff incorporates by reference and re-alleges each and every paragraph set forth above as if fully set forth herein.

80.   The California False Advertising Law (the "FAL") prohibits any untrue or misleading statements made in connection with the sale of goods or services.  See Cal. Bus. & Prof. Code § 17500 *et seq.*

81.   On the front of all Meati packages disseminated to the general public, Defendants uniformly represented to Plaintiff and the California Class, and continue to represent, that Meati products are "**Made From Mushroom Root**" and/or are "**95% Mushroom Root Protein**."

82.   These representations are false and misleading because Meati products are not made from mushroom roots, nor are they made from any part of a mushroom.  Instead, Meati products are 95% mold.

83.   At all relevant times, Defendants knew that Meati products were not made from mushroom roots or any other part of a mushroom, and that, instead, 95% of each Meati product consisted of the *mycelium* (or root-like structures) of *Neurosporo Crassa*, a type of mold.

84.   As such, Defendants knowingly and falsely represented the characteristics and ingredients of Meati products.

85.   Defendants knew or should have known that representing to consumers that Meati products are "Made From Mushroom Root" and/or are "95% Mushroom Root Protein" is false, misleading and deceptive.

86.   Defendants had a duty to disclose on the product packaging that Meati products are not made from mushrooms, and are instead 95% mold, because: (1) this information is material to consumers; (2) Meati had exclusive or superior knowledge of these material facts and these material facts were not reasonably known to Plaintiff and the Class at the time of their purchases; and (3) Meati's statements on its packaging that its products are "Made From Mushroom Root" and "95% Mushroom Root Protein" are deceptive and misleading without the disclosure of the omitted information.

87.   Defendants' conduct by way of their affirmative representations and non-disclosures are and were likely to mislead a reasonable consumer.

88.   Plaintiff and the California Class purchased food products in justifiable reliance on Defendants' false and misleading representations.

89.   As a direct and proximate result of Defendants' violations of the FAL, Plaintiff and the California Class have been injured in fact and suffered lost money or property in that they purchased Meati products that they would not have purchased had they known they were made of 95% mold, and certainly not at the prices they paid.

90.   If Defendants had accurately disclosed that Meati products were made of mold, and were not made from any part of a mushroom, the market value of those products would be substantially less than the prices paid by Plaintiff and the California Class.   Consequently, Plaintiff and the California Class uniformly suffered "out of pocket" loss as a result of Defendants' violations of the FAL.

91.   Defendants' violations of the FAL present a continuing threat to Plaintiff, the California Class and members of the public because Defendants persist and continue to engage in such practices, and will not cease doing so unless enjoined or

restrained by this Court.    Accordingly, Plaintiff, on behalf of herself, the California Class Members and members of the general public, seeks an order from this Court enjoining Defendants' continuing violations of the FAL, including, but not limited to, an order:

a.    Requiring Defendants to immediately remove from all packages of Meati products sold in California any statements suggesting that the products are made from any part of a mushroom.  This includes removing the statements that Meati products are "**Made From Mushroom Root**" and/or are "**95% Mushroom Root Protein.**"

b.    Requiring Defendants to prominently disclose on the front of Meati packaging that "**This Product Contains Mold**"  and is "**95% Mold**"  in the same font style, size and placement as its false statements that Meati products are "Made From Mushroom Root" and/or are "95% Mushroom Root Protein."  This corrective disclosure is necessary in order to cure the false advertising Defendants have been disseminating for years.

c.    Requiring Defendants to remove from its website, and any other promotional material, any and all statements claiming that Meati products are made from mushroom root or any other part of a mushroom.

92.    Plaintiff, on behalf of herself and the California Class, is further seeking restitution of all sums wrongfully obtained by Defendants as result of their violations of the FAL, including, but not limited to, the difference between what the market value of Meati products would have been had Defendants prominently disclosed that their products were 95% mold.

## **THIRD CLAIM FOR**

## **VIOLATIONS OF CALIFORNIA'S UNFAIR COMPETITION LAW**

### **(CAL. BUS. & PROF. CODE §17200 ET SEQ.)**

### **(On Behalf of Plaintiff and California Class)**

93.    Plaintiff incorporates by reference and re-alleges each and every paragraph set forth above as if fully set forth herein.

94.   The California Unfair Competition Law (the "UCL") prohibits acts of "unfair competition," including any unlawful, unfair, fraudulent, or deceptive business practice.  See Cal. Bus. & Prof. Code § 17500 *et seq.*

95.   A practice is "unlawful" under the UCL if it violates any statute law or regulation.  In other words, the UCL's "unlawful" prong borrows violations of other laws and treats them as independently actionable under the UCL.

96.   Accordingly, Defendants' violations of the CLRA and FAL constitute an "unlawful" business practice under the UCL.

97.   A practice is "fraudulent" under the UCL if it is likely to deceive a reasonable consumer.

98.   Defendants' practice of falsely representing that Meati products are "Made From Mushroom Root" and/or are "95% Mushroom Root Protein" are likely to deceive a reasonable consumer for the reasons set forth in the claims for violations of the CLRA and FAL set forth above.

99.   As a direct and proximate result of Defendants' violations of the UCL, Plaintiff and the California Class have been injured in fact and suffered lost money or property in that they purchased Meati products that they would not have purchased had they known they were made of 95% mold, and certainly not at the prices they paid.

100.  If Defendants had accurately disclosed that Meati products were made of mold, and were not made from any part of a mushroom, the market value of those products would be substantially less than the prices paid by Plaintiff and the California Class.   Consequently, Plaintiff and the California Class uniformly suffered "out of pocket" loss as a result of Defendants' violations of the UCL.

101.  Defendants' violations of the UCL present a continuing threat to Plaintiff, the California Class and members of the public because Defendants persist and continue to engage in such practices, and will not cease doing so unless enjoined or restrained by this Court.    Accordingly, Plaintiff, on behalf of herself, the California Class Members and members of the general public, seeks an order from this Court

enjoining Defendants' continuing violations of the UCL, including, but not limited to, an order:

a.   Requiring Defendants to immediately remove from all packages of Meati products sold in California any statements suggesting that the products are made from any part of a mushroom.  This includes removing the statements that Meati products are "**Made From Mushroom Root**" and/or are "**95% Mushroom Root Protein.**"

b.   Requiring Defendants to prominently disclose on the front of Meati packaging that "**This Product Contains Mold**" and is "**95% Mold**" in the same font style, size and placement as its false statements that Meati products are "Made From Mushroom Root" and/or are "95% Mushroom Root Protein."  This corrective disclosure is necessary in order to cure the false advertising Defendants have been disseminating for years.

c.   Requiring Defendants to remove from its website, and any other promotional material, any and all statements claiming that Meati products are made from mushroom root or any other part of a mushroom.

102.   Plaintiff, on behalf of herself and the California Class, is further seeking restitution of all sums wrongfully obtained by Defendants as result of their violations of the CLRA, including, but not limited to, the difference between what the market value of Meati products would have been had Defendants prominently disclosed that their products were 95% mold.

## FOURTH CLAIM FOR
## FRAUD
### (On Behalf of Plaintiff and Nationwide Class)

103.   Plaintiff incorporates by reference and re-alleges each and every paragraph set forth above as if fully set forth herein.

104.   On the front of all Meati packages, Defendants uniformly represented to Plaintiff and the Nationwide Class, and continue to represent, that Meati products are "**Made From Mushroom Root**" and/or are "**95% Mushroom Root Protein.**"

105.   These representations are false and misleading because Meati products are not made from mushroom roots, nor are they made from any part of a mushroom.  Instead, Meati products are 95% mold.

106.   This is "material" information, because reasonable consumers would consider the fact that a food product is 95% mold to be important information when deciding whether to purchase an item that will be consumed by themselves and/or their family.

107.   At all relevant times, Defendants knew that Meati products were not made from mushroom roots or any other part of a mushroom, and that, instead, 95% of each Meati product consisted of the *mycelium* (or root-like structures) of *Neurosporo Crassa*, a type of mold.

108.   As such, Defendants knowingly and falsely represented the characteristics and ingredients of Meati products.

109.   Defendants knew or should have known that representing to consumers that Meati products are "**Made From Mushroom Root**" and/or are "**95% Mushroom Root Protein**" is false, misleading and deceptive.

110.   Defendants had a duty to disclose on the product packaging that Meati products are not made from mushrooms, and are instead 95% mold, because: (1) this information is material to consumers; (2) Meati had exclusive or superior knowledge of these material facts and these material facts were not reasonably known to Plaintiff and the Class at the time of their purchases; and (3) Meati's statements on its packaging that its products are "Made From Mushroom Root" and "95% Mushroom Root Protein" are deceptive and misleading without the disclosure of the omitted information.

111.   Defendants intentionally misrepresented that Meati products were made from mushroom root, and failed to disclose that Meati products are made from mold, because Defendants knew that disclosing that Meati products are 95% mold would cause consumers not to purchase their products, and would require Defendants to charge a lower price-point for Meati products.

112.   Plaintiff and the Nationwide Class purchased Meati products in justifiable reliance on Defendants' false and misleading representations.

113.   As a direct and proximate result of Defendants' fraud, Plaintiff and the Nationwide Class have been injured in fact and suffered lost money or property in that they purchased Meati products that they would not have purchased had they known they were made of 95% mold, and certainly not at the prices they paid.

114.   If Defendants had accurately disclosed that Meati products were made of mold, and were not made from any part of a mushroom, the market value of those products would be substantially less than the prices paid by Plaintiff and the Nationwide Class.  Consequently, Plaintiff and the Nationwide Class uniformly suffered "out of pocket" loss as a result of Defendants' violations of the UCL.

115.   On behalf herself and the Nationwide Class, Plaintiff seeks damages in an amount to be proven at trial.

116.   The actions of Defendants were carried out with malice, oppression and fraud and extreme indifference to the rights of Plaintiff and the Nationwide Class. They constitute intentional misrepresentations, deceit and concealment of material facts known to Defendants with the intention on the part of Defendants of thereby depriving Plaintiff and the Nationwide Class of their property and otherwise causing injury.  They justify an award of punitive damages in an amount sufficient to deter such wrongful conduct in the future.

117.   Plaintiff is also seeking injunctive relief, including, but not limited to, an order:

      a.   Requiring Defendants to immediately remove from all packages of Meati products any statements suggesting that the products are made from any part of a mushroom.  This includes removing the statements that Meati products are "**Made From Mushroom Root**" and/or are "**95% Mushroom Root Protein.**"

      b.   Requiring Defendants to prominently disclose on the front of Meati packaging that "**This Product Contains Mold**"  and is "**95% Mold**"  in the same

font style, size and placement as its false statements that Meati products are "Made From Mushroom Root" and/or are "95% Mushroom Root Protein." This corrective disclosure is necessary in order to cure the false advertising Defendants have been disseminating for years.

        c.    Requiring Defendants to remove from its website, and any other promotional material, any and all statements claiming that Meati products are made from mushroom root or any other part of a mushroom.

## **PRAYER FOR RELIEF**

Plaintiff, on behalf of herself and on behalf of the California Class and Nationwide Class, respectfully prays for judgment against Defendants as follows:

1.    For an order:

        a.    Requiring Defendants to immediately remove from all packages of Meati products any statements suggesting that the products are made from any part of a mushroom. This includes removing the statements that Meati products are "**Made From Mushroom Root**" and/or are "**95% Mushroom Root Protein.**"

        b.    Requiring Defendants to prominently disclose on the front of Meati packaging that "**This Product Contains Mold**" and is "**95% Mold**" in the same font style, size and placement as its false statements that Meati products are "Made From Mushroom Root" and/or are "95% Mushroom Root Protein." This corrective disclosure is necessary in order to cure the false advertising Defendants have been disseminating for years.

        c.    Requiring Defendants to remove from its website, and any other promotional material, any and all statements claiming that Meati products are made from mushroom root or any other part of a mushroom.

2.    For restitution of all sums wrongfully obtained by Defendants, in an amount to be determined at trial.

3.    For damages for fraud in an amount to be determined at trial.

4.      For punitive damages for fraud in an amount to be determined at trial.

5.      For prejudgment and post judgment interest to the extent permitted by law.

6.      For an award of attorney's fees, costs, and expenses incurred in the investigation, filing, and prosecution of this action to the extent permitted by law.

7.      For such other and further relief as the Court deems just and proper.

8.      Plaintiff will amend this Complaint to seek damages and punitive damages under the CLRA if Defendants do not implement the corrective actions requested in her CLRA Demand Letter within 30 days of receipt.

Dated: June 24, 2024                         FRANK SIMS STOLPER, LLP

                                             By:   /s/ Jason M. Frank
                                                 JASON M. FRANK
                                                 SCOTT H. SIMS
                                                 ANDREW D. STOLPER
                                                 Attorneys for Plaintiff
                                                 SERENA CALDEIRA

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: June 24, 2024                         FRANK SIMS STOLPER, LLP

                                             By:   /s/ Jason M. Frank
                                                 JASON M. FRANK
                                                 SCOTT H. SIMS
                                                 ANDREW D. STOLPER
                                                 Attorneys for Plaintiff
                                                 SERENA CALDEIRA

COMPLAINT

# Exhibit A

**EXHIBIT A**

# Exhibit B



+1 (949) 201-2400
+1 (949) 201-2405
www.lawfss.com
Newport Gateway
19800 MacArthur Boulevard
Suite 855
Irvine, CA 92612

June 14, 2024

**VIA CERTIFIED MAIL/RETURN RECEIPT REQUESTED**

Emergy Inc. d/b/a Meati Foods
c/o Its Authorized Agent, The Corporation Trust Company
Corporation Trust Center 1209 Orange Street
Wilmington, DE 19801

We represent your former customer, Serena Caldeira.  Ms. Caldeira has retained our firm in connection with potential claims against Emergy Inc. doing business as Meati Foods ("Meati") for violations of:

(1)     The California Consumer Legal Remedies Act, Cal. Civ. Civil Code § 1750 et seq. (the ''CLRA").

(2)     The California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, et seq. (the "UCL").

(3)     The California False Advertising Law, Cal. Bus. & Prof. Code § 17500 et seq. (the "FAL").

(4)     Common Law Fraud.

Pursuant to Civil Code section 1782 of the CLRA, this letter is to provide you with notice that your company, Meati, has been and is currently violating the CLRA, UCL and FAL. Specifically, on the front of the packages of Meati products, Meati uniformly and falsely states that Meati products are "**Made From Mushroom Root**" and/or are "**95% Mushroom Root Protein**."

 

Case 2:24-cv-01775-JDP   Document 1   Filed 06/24/24   Page 28 of 30

These statements are not true.  As you know, Meati products are <u>not</u> made from mushroom roots, nor are they made from any part of a mushroom.  Meati products are made from <u>mold</u>.  Specifically, the main ingredient in Meati products is *Neurosporo Crassa*, a red mold that commonly grows on bread.  Approximately 95% of each Meati product is made from the *mycelium* (or root-like structures) of the *Neurosporo Crassa* mold.

Our client purchased your products on three occasions because she believed they were made from mushrooms.  She would not have purchased your products had she known they were made from mold rather than mushrooms.

We believe Meati is intentionally deceiving consumers because it knows it can sell more products and obtain a higher price premium by falsely claiming its products are made from mushrooms rather than mold.  This deception is particularly dangerous because it is well known that consuming high concentrations of mold can cause severe allergic reactions in members of the consuming public, and can potentially lead to death.

In 2016, one of your competitors, Quorn Foods, Inc. ("Quorn"), was sued in a nationwide class action lawsuit brought by the attorneys at my firm for misleadingly *implying* its products were made from mushrooms, when, in fact, they were made from mold.  <u>See</u> <u>Birbrower v. Quorn Foods, Inc.</u>, Case No. CV-16-1346 DMG (AJWx) (C.D. Cal. Marc 30, 2016), Dkt. 9.  Specifically, on the *back* of its packages, Quorn stated its products were "*made with mycoprotein ('myco' is Greek for 'fungi') and are completely meatless and soy-free.*"  Quorn then added the following statement misleadingly implying its products were made from mushrooms: "*There are believed to be over 600,000 varieties of fungi in the world, many of which are among the most sought after foods like varieties of mushroom, truffles, and morels.*"

As part of a nationwide class action settlement, Quorn agreed to provide full refunds to its customers for a four-year period.  Quorn was further ordered to remove any statements from its packaging comparing its products to mushrooms, and to prominently display on its packaging in bold letters that its products are made from mold:

> *Mycoprotein™: Mycoprotein is a mold (member of the fungi family). There have been rare cases of allergic reactions to products that contain Mycoprotein.

<u>See</u> <u>Birbrower v. Quorn Foods, Inc.</u>, Case No. CV-16-1346 DMG (AJWx) (C.D. Cal. Sept. 11, 2017), Dkt. 83.

Emergy Inc.
c/o Its Authorized Agent, The Corporation Trust Company
June 14, 2024
Page 3

Meati's deceptive conduct is far worse than the conduct at issue in Quorn because Meati is falsely stating (not just implying) that its products are made from mushrooms, and it is doing so on the *front* of every package. Meati should not be permitted to deceive the public in this manner. Meati further should not be permitted to gain an unfair advantage over its competitors – and be able to obtain a premium price point – by falsely claiming its products are made from mushrooms.

The CLRA prohibits certain "unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer." Colgan v. Leatherman Tool Grp., Inc., 135 Cal.App.4th 663, 679-80 (2006). Those include "[r]epresenting that goods or services have characteristics, ingredients, uses, benefits, or quantities which they do not have.'' Cal. Civ. Code, § 1770(a)(5), subd. (a)(4). Conduct that is "likely to mislead a reasonable consumer" violates the CLRA. Colgan, 135 Cal.App.4th at 679-80.

Similarly, the test for determining whether a business practice is "fraudulent" or "false advertising" under the UCL and FAL is whether the practice is one that is "likely to deceive members of the public." In re Tobacco II Cases, 46 Cal.4th 298, 312 (2009). UCL and FAL claims may be based not only on representations that deceive because they are untrue, but also on "those which may be accurate on some level, but will nonetheless tend to mislead or deceive." Morgan v. AT & T Wireless Services, Inc. 177 Cal.App.4th 1235, 1255 (2009) (quoting McKell v. Washington Mut., Inc., 142 Cal.App.4th 1457, 1471 (2006).)

On behalf of our client and all persons similarly situated, we demand that Meati cease its unlawful activity and take the following actions within thirty (30) days of your receipt of this letter.

1. For all Meati products sold in California immediately remove from all packages any statements suggesting the products are made from any part of a mushroom. This includes removing the statements that Meati products are "**Made From Mushroom Root**" and/or are "**95% Mushroom Root Protein**."

2. In order to correct the false advertising Meati has been disseminating for years, Meati should implement corrective disclosures on the packaging of all Meati products containing *Neurosporo Crassa.* Specifically, Meati should disclose on the front of the package in bold print "**THIS PRODUCT CONTAINS MOLD**" and is "**95% MOLD**" in the same font style, size and place as its false statements that Meati products are "Made From Mushroom Root" and/or are "95% Mushroom Root Protein."

3. Meati should implement similar corrective disclosures on its website, and any other promotional material, removing any and all statements claiming that Meati products are made from mushroom root or any other part of a mushroom.

4. Meati should offer customers full refunds.

Emergy Idaho - Meati Foods
Case 2:24-cv-01775-JDP   Document 1   Filed 06/24/24   Page 30 of 30
c/o Its Authorized Agent, The Corporation Trust Company
June 14, 2024
Page 4

      We have been instructed to file a class action lawsuit on behalf of Ms. Caldeira and all persons similarly situated seeking at a minimum (a) injunctive relief under the UCL, FAL and CLRA consistent with the foregoing, and (b) attorneys' fees and costs under Civil Code § 1780(e) and/or Code of Civil Procedure § 1021.5.  If Meati does not agree to the demands in this letter within 30 days, we will further seek damages and punitive damages under the CLRA.

      We hope that litigation will not be necessary.  If you are willing to take the corrective actions set forth above, please contact me immediately upon receipt of this letter.

Very truly yours,

Jason M. Frank
FRANK SIMS & STOLPER LLP

JMF:mgn